IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIAN R. BLACKSHEAR,

                Plaintiff,

    v.

CAPTAIN MICHAEL GIERNOTH,
JIM SCHWOCHERT, STEPHANIE HOVE,
WARDEN PAUL S. KEMPER,
DEPUTY WARDEN STEVEN JOHNSON,
JASON ALDANA, M. BONES, CAPTAIN
WIEGAND, LT. AMIN, LT. JOHN/JANE DOES,
SGT. HARRIS, SGT. JOHN/JANE DOE,
CORRECTIONAL OFFICER JOHN/JANE DOES,
M. HAGAN, PhD, L. BUHS, PhD, DR. KOZMIN,
DR. BAAS, DR. M. TOKAR, DR. M. WILINSKI,
MAINTENANCE SUPERVISOR JOHN/JANE
DOE, MAINTENANCE WORKER JOHN/JANE
DOE,
DR. SPOTTS, LIEUTENANT MEYER,
CAPTAIN JOHN/JANE DOE,
LIEUTENANT KAMINSKI,
LIEUTENANT LAUNDERVILLE, DR.
MALROSE, NURSE AMY, NURSE CHRIS, HSU
SUPERVISOR, HSU MANAGER, and DR.
CASTILLIEO

                Defendants.[1]

OPINION & ORDER

17-cv-735-jdp

---

      Pro se plaintiff Julian R. Blackshear is incarcerated at the Racine Correctional Institution (RCI). He alleges that prison officials were deliberately indifferent to the hazards present in his observation cell. In an October 31, 2017 order, I reviewed his complaint and

---

[1] I have updated the caption to reflect the additional parties listed in Blackshear's amended complaint.

concluded that it did not meet the pleading requirements of Federal Rule of Civil Procedure 8. Dkt. 6. I offered Blackshear an opportunity to file an amended complaint clarifying the individual defendants' roles in the events underlying the suit. Now Blackshear has filed an amended complaint. Dkt. 8. I must screen it and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages, just as I did with Blackshear's original complaint.

Blackshear's general allegations remain the same. He now alleges that in May and July of 2017, he was confined to two observation cells at RCI while on suicide watch. One cell, number 1113, did not have padding or a security camera, and no one was observing it. The second cell, number 2122, did not have padding, and its security camera only viewed half of the cell. On six separate occasions, Blackshear found dangerous items in the cells, including "a large metal bar," razor shards, needles, staples, and a shank. *Id.* at 8. Blackshear, who suffers from multiple mental health disorders, harmed himself with these items, necessitating at least one trip to the emergency room.

Blackshear continues to allege that each defendant was deliberately indifferent to his health and safety and failed to maintain safe and humane observation cells. As I explained in my October 31 order, that's not enough. He must allege that each defendant knew about the conditions in his cell and intentionally disregarded the risk of suicide those conditions created.

Blackshear's allegations concerning some of the defendants are sufficient to state a claim. He alleges that defendants maintenance supervisor John/Jane Doe and maintenance worker John/Jane Doe left "a large metal bar" and "razor shards" in observation cell number 1113, despite knowing that suicidal inmates would be housed there; defendant Lieutenant

2

Meyer was present when Blackshear found dangerous items in an observation cell in May and took some dangerous items out of one of the observation cells in July, telling Blackshear, "It's a big room you'll probably find more items if you do just give them to staff," but he did not write an incident report; and defendant Dr. Castillieo refused to prescribe Blackshear medication because "he thought [Blackshear's] mental health history was untrue." *Id.* at 11, 19, 20. I can infer that these defendants knew about the dangerous conditions in the observation cell, were in a position to do something about those conditions, but intentionally disregarded the substantial risk of serious harm that the conditions posed. So I will allow Blackshear to proceed on deliberate indifference claims against these defendants.

But Blackshear's allegations concerning the remaining defendants are insufficient. I still cannot determine whether the remaining defendants were personally responsible for the constitutional deprivation. Blackshear alleges that defendant Captain Michael Giernoth was in charge of the segregation unit where these observation cells were located; defendant Sergeant Harris worked on the segregation unit and was aware of Blackshear's mental health history; defendants Lieutenant Tina Amin, Correctional Officers John/Jane Does, and Sergeant John/Jane Doe were present during some of the "incidents"; defendant Dr. Baas placed Blackshear on observation status and was present during some of the "incidents"; defendant doctors Hagan, Buhs, Tokar, Wilinski, Spotts, Malrose, and Kozmin knew of Blackshear's mental health history and knew that he found dangerous items; defendant RCI Complaint Examiner M. Bones failed to investigate Blackshear's complaints about the dangerous items in the observation cells; and defendants Captain Wiegand and Lieutenant Kaminski "affirmed" some incidents, "stating cell should have been cleaned out." *Id.* at 11, 12. But there's still no indication that these defendants knew about the dangerous items in the cells but failed to

3

remove the items or otherwise reduce Blackshear's risk of suicide, so Blackshear does not state a claim against them.

Likewise, Blackshear's allegations concerning defendant nurses Amy and Chris are insufficient. He alleges that they "failed to aid [Blackshear] when he cut himself and swallowed a needle and failed to provide proper medical care for [his] injuries," *id.* at 19, 20, but there's no indication that they knew about Blackshear's injuries.

Blackshear alleges that defendants Jim Schwochert and Stephanie Hove, administrators at the Division of Adult Institutions; RCI Warden Paul S. Kemper; RCI Deputy Warden Steven Johnson; RCI Security Director Jason Aldana; Captain John/Jane Doe; HSU supervisor; and HSU manager did not properly train staff in suicide prevention. Supervisors can be liable for failure to train their employees, *Kitzman-Kelley v. Warner*, 203 F.3d 454, 459 (7th Cir. 2000), but "[s]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chaves v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (quoting *Lanigan v. Village of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997)). The plaintiff "must show that the defendant knew that his failure to train was likely to lead to constitutional violations." *Ghashiyah v. Frank,* No. 07-cv-308, 2007 WL 5517455, at *2 (W.D. Wis. Aug. 1, 2007). I cannot infer from Blackshear's allegations that these supervisors knew that the training was inadequate, so Blackshear does not state a claim against them.

I will offer Blackshear one final opportunity to supplement his complaint to explain how each of the remaining defendants are personally responsible for the constitutional deprivation. He should tell the story of what each defendant knew about the conditions in his observation cell and what that defendant did (or did not do) to expose him to risk of suicide. He need not cite laws or repeat legal conclusions such as "deliberate indifference"; he need only

4

describe what each remaining defendant did. I will stay service of his amended complaint pending screening of his supplemental complaint. If he does not file his supplemental complaint by the deadline below, I will order that copies of his amended complaint and this order be served on defendants maintenance supervisor John/Jane Doe, maintenance worker John/Jane Doe, Lieutenant Meyer, and Dr. Castillieo, and the case will proceed against only those defendants. At the preliminary pretrial conference that will be held later, Magistrate Judge Stephen Crocker will explain the process for Blackshear to identify the names of the Doe defendants and to amend the complaint to include the proper identities of these defendants.

## ORDER

IT IS ORDERED that:

1. Plaintiff Julian R. Blackshear is GRANTED leave to proceed on Eighth Amendment deliberate indifference claims against defendants maintenance supervisor John/Jane Doe, maintenance worker John/Jane Doe, Lieutenant Meyer, and Dr. Castillieo.

2. Plaintiff's remaining claims are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until December 22, 2017, to supplement his complaint clarifying the remaining defendants' roles in the events underlying the suit.

Entered December 1, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge