# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JULIAN R. BLACKSHEAR,

                    Plaintiff,

v.                                                          Case No. 18-CV-853-JPS

TINA AMIN, MARIANA TOKAR,
MICHELLE WILINSKI, MICHAEL                                  **ORDER**
MAYER, AMY EPPING, DR.
MARCELO CASTILLO, STEPHANIE
O'NEILL, CHARLES VENA, and
JOHN and JANE DOES,

                    Defendants.

---

Plaintiff, a prisoner incarcerated in Waupun Correctional Institution ("Waupun"), proceeding in this action *pro se*, filed this action in the District Court for the Western District of Wisconsin. (Docket #1). The matter was later transferred to this District upon Defendants' motion for transfer. (Docket #33). Prior to the transfer, Plaintiff was allowed to proceed on a claim that Defendants, officials at Racine Correctional Institution ("Racine"), were deliberately indifferent to his risk of self-harm, in violation of his rights under the Eighth Amendment. (Docket #14). Specifically, Plaintiff alleged that he was housed in observation cells where he had access to implements by which he could harm himself, and that Defendants had prior knowledge of the cells' conditions. *Id.* Four of Plaintiff's motions are now pending before the Court. The Court will address them in the order in which they were filed.

The first motion was filed in May 2018 while this action was still pending in the Western District. Plaintiff moved to add a number of defendants to this action based on his investigation of his claims. (Docket #27). He did not, however, attach an amended complaint stating his allegations against those defendants. Complaints may not be amended in a piecemeal fashion. Instead, to amend his complaint, Plaintiff would be required to file a motion for leave to amend which attaches an amended complaint. The amended complaint entirely supersedes and replaces the original complaint, and so the amended complaint must be complete in and of itself. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). Thus, the Court is compelled to deny Plaintiff's motion for leave to add defendants. He may nevertheless still file an amended complaint in accordance with the deadlines set in the Court's scheduling order, which will be issued along with this Order.

Plaintiff's second motion is for an order to transfer him to the Wisconsin Resource Center for mental health treatment. (Docket #37). He apparently believes that he is receiving inadequate mental health care at Waupun. *Id.*; (Docket #38). The Court will deny this motion for two reasons. First, Plaintiff's action concerns conduct occurring at Racine. Moreover, Plaintiff is now at Waupun, and so none of the Defendants in this case would have any power to transfer him. Parties cannot seek injunctive relief against non-defendants for matters not directly related to their claims. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). "[A] District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found

in the complaint." *Johnson v. City of Rock Island, Ill.*, No. 4:11-CV-4058-SLD-JAG, 2012 WL 5425605, at *2 (C.D. Ill. Nov. 6, 2012) (citing *Stewart v. U.S. Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985)).

Second, even assuming the motion was filed in an appropriate case and directed at appropriate defendants, "[a] preliminary injunction ordering [a] defendant to take an affirmative act rather than merely refrain from specific conduct," as is the case here, "is 'cautiously viewed and sparingly issued.'" *Knox v. Shearing*, 637 F. App'x 226, 228 (7th Cir. 2016) (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)). A preliminary injunction is "an extraordinary remedy and is never awarded as of right." *Id.* (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). The Court does not find that Plaintiff has made a showing entitling him to this extraordinary remedy. His dissatisfaction with his mental health treatment is no different than that of many Wisconsin prisoners. The Court must leave it to the Department of Corrections and its medical staff to allocate scarce healthcare resources to treat inmates.

Plaintiff's third motion asks that the Court issue subpoenas for various documents. (Docket #39). He does not say who these subpoenas should be directed to. *Id.*; (Docket #40). The Court will deny this motion. All of the documents he requests should be sought from Defendants using the usual discovery procedures, not through subpoenas. *See* Fed. R. Civ. P. 34.

Plaintiff's final motion appears to ask the Court to compel Defendants to participate in mediation. (Docket #43). The Court will deny this motion. The Court's policy is that parties may request mediation before a magistrate judge if they both agree to mediate. The Court will never order a party to mediate against their will. The parties are, of course, free to engage in private settlement negotiations as they see fit.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to add defendants (Docket #27) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for injunctive relief (Docket #37) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to subpoena documents (Docket #39) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for mediation (Docket #43) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of March, 2019.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge